THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARQUIS CURTIS, Appellant, v. JOSEPH H. WILSON, as Warden of the State Prison at Comstock, N. Y., Respondent.— Appeal from an order of a Special Term of the Supreme Court, Washington county, entered in the office of the clerk of that county denying relator's application for a peremptory writ [order] of mandamus. The petition alleges that petitioner has served his present term of thirty years begun June, 1924, less the statutory commutation and compensation allowances, and demands that the warden of the prison show cause why mandamus should not issue commanding the warden to compute his thirty-year term as of the date he was received in prison, and to forward the findings of the Parole Board along with relator's name to the Governor as provided in article 9 of the Prison Law [now Correction Law]. Petitioner having been convicted of felonies under which he had been sentenced to prison,

such sentences were commuted by the Governor to imprisonment in Auburn State Prison for the term of eleven years ten months minimum, nineteen years ten months maximum without commutation, from May 19, 1908, subject to the condition that if the petitioner thereafter be convicted of any felony between the date of his discharge and the date of the expiration of the full term commuted by the Governor, " in addition to the penalty which may be imposed for the felony committed during the interval aforesaid, he shall be compelled to serve * * * the portion of the term hereby commuted now remaining unserved without deduction or commutation for good behavior." After such commutation petitioner violated the terms thereof by committing felonies for which he received sentence aggregating thirty years, being the sentence referred to in the petition, and under which he was received in Sing Sing Prison June 20, 1924. Under these facts the prison authorities claim that by petitioner's subsequent conviction he forfeited seven years three months seven days under the commuted sentence and commutation granted him by the Governor. Giving him the benefit of jail time and all possible commutation and compensation, the earliest possible date of release would be February 9, 1943. Order unanimously affirmed. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.